UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHER KHAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2693 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motions for Partial Dismissal of Plaintiffs' First Amended Complaint ("Motions") (Doc. Nos. 31, 43).[1] After considering the Motions, all responses thereto, and the applicable law, the Court finds that the Motion should be granted in part.

## I.  BACKGROUND

Plaintiffs Sher and Aditi Khan filed this case in state court against Allstate, Pilot Catastrophe Services, Inc. ("Pilot"), Tonie Mattina, Michael Pickard, Gary Black, Jack Adams, Casey Garrett, Danny Paul, and Derek Parlee.[2]  Defendant Allstate removed this case to this Court on July 20, 2011.  Defendants filed their first Motions for Partial Dismissal on July 25, 2011 and August 12, 2011 (Doc. Nos. 4, 9).  The Court denied the motions without prejudice on September 8, 2011 and granted leave for Plaintiffs to amend their complaint.  (Minute Entry for Hearing on September, 8, 2011.)  Plaintiffs filed a First Amended Complaint ("Complaint")

---

[1] The motions are filed by different defendants but identical in substance. As such, the Court's discussion of the Motion incorporates both documents. Doc. No. 31 is filed by Defendants Allstate Fire and Casualty Insurance Company ("Allstate"), Michael Pickard, and Tonie Mattina. Doc. No. 43 is filed by Defendants Jack Adams, Gary Black, and Danny Paul.

[2] Defendant Pilot does not join the Motion to Dismiss, as it has filed an Answer (Doc. No. 30). Defendants Derek Parlee and Casey Garrett also do not join the Motion to Dismiss, as it appears that they have not been served.

1

(Doc. No. 29), from which the following allegations, accepted as true for purposes of the pending motion to dismiss, are taken.

Plaintiffs are the owners of a Texas Homeowners' Insurance Policy ("Policy") issued by Defendant Allstate to cover their property in Houston, Texas. (Am. Compl. ¶¶ 13–14.) On September 12–13, 2008, Hurricane Ike struck Harris County, Texas. (*Id.* ¶ 16.) As a result of the storm, Plaintiffs' roof sustained extensive damage. (*Id.*) Water entered through the roof and caused damage throughout the home, including the ceilings, walls, insulation, flooring, and Plaintiffs' personal belongings. (*Id.*) Plaintiffs' home also sustained structural and exterior damage. (*Id.*) Plaintiffs immediately submitted a claim to Allstate pursuant to the Policy for loss of use damages, contents damage, roof damage, structural damage, water damage, and wind damage. (*Id.* ¶¶ 16–17.) Plaintiffs asked Allstate to cover the cost of repairs to the property, including replacement of the roof and repair of interior water damage. (*Id.* ¶ 18.)

Allstate assigned Pilot to oversee Plaintiffs' claims adjustment process, as it did for all Hurricane Ike claims filed by policyholders in Texas. (*Id.* ¶ 19.) Mattina, Pickard, Black, Adams, Garrett, and Paul were assigned as individual adjusters. (*Id.*) Allstate instructed these Pilot adjusters to display only Allstate logos on their clothes and vehicles. (*Id.*) The adjusters used Allstate's computer system and had access to training materials issued by Allstate. (*Id.*) The adjusters were improperly trained and did not perform thorough inspections. (*Id.* ¶ 20.)

Mattina spoke with Plaintiffs concerning their personal property damage and explained their deductibles. (*Id.* ¶ 25.) She asked Plaintiffs to provide receipts containing the cost of cleaning the items in their home, and told them that they had coverage under their policy to address the damages to their personal property caused by their broken air conditioning. (*Id.*)

At a scheduled on-site inspection, Pickard spent only 20 minutes inspecting Plaintiffs' property for damage. (*Id.* ¶ 20.) His report failed to include all of Plaintiffs' damages noted upon inspection, and he grossly undervalued the damages that he included in his report. (*Id.*) He allowed only $228.96 to repair their roof, which required purchasing materials to replace shingles, getting on the roof, removing and replacing shingles, and removing the debris. (*Id.*)

Black met with Plaintiff Sher Khan and Khan's contractor, and inspected the property one month later. He advised Plaintiffs that he was handling the wind portion of the claim only. (*Id.*) Black allowed only $276.63 for Plaintiffs to repair their roof, which required purchasing materials to replace shingles, get on the roof, removing and replacing shingles, and removing the debris. (*Id.*) He instructed Plaintiffs to file a separate claim with their agent for the damages caused by their air conditioning. (*Id.*)

Adams, who never inspected the property personally, produced a damage estimate on Plaintiffs' contents claim, likely based on the estimates of Pickard and Black. (*Id.* ¶ 21.) Adams' estimate showed a prior payment of $332.50, and he denied the claim for contents damage for lack of coverage after entering the Plaintiffs' content inventory into the estimating system and pricing the contents. (*Id.*)

Parlee, acting in a managerial capacity, reviewed Plaintiffs' policy for coverage and instructed Garrett to contact Plaintiffs for an itemized contents list. (*Id.* ¶ 24.) Garrett contacted the Plaintiffs to discuss their claim, and one month later advised them that he was closing the claim without payment based on his and Parlee's review of the technicians' reports on the air conditioning system that Plaintiff had provided. (*Id.* ¶ 22.)

3

Paul was responsible for adjusting the mold claim made by Plaintiffs, and produced an estimate and letter in which he advised Plaintiffs that they were being allowed the sum of $1,000 for mold remediation costs. (*Id.* ¶ 23.)

Plaintiffs claim that Allstate wrongfully denied and underpaid Plaintiffs' claim for repairs of their property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. (*Id.* ¶ 27.) They believe that Allstate engaged in a coordinated course of conduct to adjust claims for roof damages without regard for industry standards or policy provisions regarding proper replacement, and used a pricing scheme purposefully geared to undervaluing claims. (*Id.* ¶¶ 28–30.)

Plaintiffs bring claims against all Defendants for violations of Chapter 541 of the Texas Insurance Code for unfair settlement practices, fraud, conspiracy to commit fraud, and fraud by nondisclosure. They also bring claims for breach of contract, violations of Chapter 542 of the Texas Insurance Code for the prompt payment of claims, and breach of the duty of good faith and fair dealing against Defendant Allstate. Defendants have filed a motion for partial dismissal of all claims except the breach of contract claim.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

4

However, the requirements of Rule 8 have been interpreted to require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has

adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted).

However, the Federal Rules also require a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "What constitutes 'particularity' will necessarily differ with the facts of each case," but "[a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted).

The Fifth Circuit has held that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Courts have found that "[c]laims alleging violations under the Texas Insurance Code that are substantively identical to fraud are subject to the Rule 9(b) pleading requirements." *Carter v. Nationwide Property and Cas. Ins. Co.*, Civil Action No. H-11-561, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 789, 800 (N.D. Tex. 2009)) (internal quotations omitted). Defendants assert that it is "well-recognized" in federal courts throughout Texas that all claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b). (Mot. at 6 (citing *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)).) However, *Frith* applied the standards under Rule 9(b) only to those violations of the Texas Insurance Code where "the gravamen of the claim is fraud." *Frith*, 9 F. Supp. 2d at 742.

Additionally, the Fifth Circuit has instructed that "[w]here averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Lone Star Ladies*, 238 F.3d at 368. Thus, even if a plaintiff buttresses a statutory claim with allegations of fraud that are insufficient to meet Rule 9(b), the claim will not be dismissed so long as there are other non-fraud based allegations that are sufficient to state a claim for relief under the section.

## III. ANALYSIS

The Court must first determine whether each claim must be pled with particularity under Rule 9(b). Therefore, the Court must decide whether, in the context of this case, Plaintiffs' claims under the Texas Insurance Code and for the breach of the duty of good faith and fair dealing are, in substance, claims of fraud. Once the Court has determined whether the standards under Rule 9(b) or Rule 8 apply, it will consider whether the underlying factual allegations for each claim are sufficient under the relevant pleading standard to state a claim for relief.

### A. Fraud and Conspiracy to Commit Fraud

Plaintiffs allege that Defendants committed fraud through various misrepresentations about coverage under the Policy. Under Texas law, the elements of fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem.*

7

*Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

The misrepresentations identified by Plaintiffs are insufficient to state a claim for fraud. The Amended Complaint identifies misrepresentations made by Defendants about the value of damages to Plaintiffs' property and misrepresentations that these damages were not covered under the Policy. (Am. Compl. ¶¶ 30, 34.) Additionally, Plaintiffs assert that Defendants committed fraud through conduct by: "(1) denying coverage for losses that were clearly covered under the policy; and (2) employing and conducting an unreasonable investigation and assessment of Plaintiffs' damages by under scoping and under valuing Plaintiffs' damages." (Resp. ¶ 31.)

Plaintiffs state conclusorily that they "acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud." (Am. Compl. ¶¶ 62, 66.) However, they provide no factual support for this allegation and fail to detail any action they took or how it caused them injury. *See O and B Farms, Inc. v. Black*, 300 S.W.3d 418, 421 (Tex. App.—Houston [14 Dist.] 2009) ("A fraud plaintiff must prove that based on the alleged misrepresentation, he either took an action or failed to take an action, which caused him harm.") Plaintiffs have never indicated that they believed any of the statements about damages were true and took any action in reliance on this action; rather, they submitted documentation about the great value of their damages and maintain that they have not received full payment on their claims because they have been unable to fully repair their property. (Am. Compl. ¶¶ 20, 25.) *See Mason v. Texas Farmers Ins. Co.*, Civil Action No. H-09-3134, 2011 WL 3702376, at *5 (S.D. Tex. Aug. 23, 2011) (finding that the plaintiffs failed to show reliance where they disputed the accuracy of the insurance company's estimate); *see also Mayes v. Stewart,* 11 S.W.3d 440

8

(Tex. App.—Houston [14 Dist.] 2000, pet. denied) ("If the person to whom a false representation is made is aware of the truth, it is obvious that he is neither deceived nor defrauded, and, therefore, any loss he may sustain is not traceable to the representation but is self-inflicted." (quoting *Bynum v. Signal Ins. Co.*, 522 S.W.2d 696, 700 (Tex. App.—Dallas 1975, writ ref'd n.r.e.))). Thus, the Court must dismiss Plaintiffs' claim of fraud.

Because the Court finds that Plaintiffs' claims for fraud must be dismissed, it must also dismiss the claims for conspiracy to commit fraud. *See O and B Farms*, 300 S.W.3d at 421 (citing *Ernst & Young,* 51 S.W.3d at 583).

### B. Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs also allege that Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. "To state a claim for 'breach of the duty of good faith and fair dealing, the plaintiff must allege that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.'" *Frith*, 9 F. Supp. 2d at 740 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 262 (5th Cir. 1995)) (internal quotations omitted). An insurer is liable if it "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Courts utilize an "objective standard . . . to determine whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim." *Aleman v. Zenith*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Aranda v. Insurance Company of North America*, 748 S.W.2d 210, 213 (Tex. 1988)). A plaintiff need not prove that the defendant *fraudulently* denied or failed to sufficiently investigate the claim.

The Amended Complaint alleges that the investigation and evaluation were unreasonable, as Allstate engaged in a coordinated course of conduct to adjust claims for roof damages without regard for industry standards or policy provisions regarding proper replacement, and used a pricing scheme purposefully geared to undervaluing claims.  (Am. Compl. ¶¶ 28–30.)  Plaintiffs describe how each adjuster's actions contributed to undervaluing or wrongfully denying various elements of Plaintiffs' claim (*id.* ¶¶ 20–25) and that the adjusters were "improperly trained and inadequate."  (*Id.* ¶ 20.)  They also allege that Allstate should have known that its liability was reasonably clear.  (*Id.* ¶ 82.)  Thus, the claim does not depend on Defendant's misrepresentations or allegations of fraud, and need only meet the pleading standards under Rule 8.  The Court finds that, on the basis of the facts alleged in the Complaint, Plaintiffs have stated a claim for the breach of good faith and fair dealing.

### C.  Texas Insurance Code Claims

Plaintiffs bring claims against the individual Defendants and Defendant Allstate for violations of Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7).  They additionally bring Claims against Defendant Allstate for violations of Texas Insurance Code §§ 542.055, 542.056, and 542.058. The Court will review each section in turn.

The individual Defendants may be liable for violations of § 541.  The term "person," as defined in § 541.002(2), includes "any individual . . . engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."  (emphasis added). However, a plaintiff must show that the individual defendant "*himself* committed a violation . . . (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Frisby v.*

*Lumbermens Mut. Cas. Co.,* Civil Action No. H-07-015, 2007 WL 2300331, at *3 (S.D. Tex. Feb. 20 2007).

### 1. Texas Insurance Code § 541.060(a)

Plaintiffs claim that Defendants' misrepresentations of material facts about the coverage at issue constituted an unfair and deceptive act or practice in the business of insurance under Texas Insurance Code § 541.060(a)(1). As shown below, these allegations involve misrepresentations and are substantively claims of fraud. Therefore, Plaintiffs must meet the pleading standard of Rule 9(b) with respect to each Defendant.

Plaintiffs state that Mattina "spoke with Plaintiffs concerning their personal property damage and explained the deductibles," "contacted Defendant Black to discuss his participation in the claim process," "asked for receipts related to the cleaning of items," and "told the Plaintiffs they had coverage under their policy to address the damages to their personal property as a result of the A/C damage." (Am. Compl. ¶ 25.) None of these are alleged to be misrepresentations. Plaintiffs additionally state that Mattina "subsequently contacted the Plaintiffs to inform them that their claim was being closed without payment and closed the coverages and claim." (*Id.*) Plaintiffs also fail to assert that this was a misrepresentation, as it is true that their claim was in fact closed without payment. Even if this can be construed as a misrepresentation about the coverage under § 541.060(a)(1), the Amended Complaint does not meet the standard under Rule 9(b) by providing specifics about the time, place, and the contents of the misrepresentation. Accordingly, the claim against Mattina must be dismissed.

With respect to Pickard, Plaintiffs aver that he conducted a 20 minute inspection of their property. (Am. Compl. ¶ 20.) Based on that inspection, he wrote a report that included "grossly undervalued" damages, and he failed to include repair to the rear slope of the roof. (*Id.*)

11

Plaintiffs do not show how any of these statements or actions are "misrepresentations about the coverage at issue." Texas Insurance Code § 541.060(a)(1). Plaintiffs do not link the statements to any discussion of their coverage and allege only that Pickard erred in evaluating their damages. The claim against Pickard must be dismissed.

Plaintiffs state that Black met with Plaintiff Sher Khan, inspected the property, produced several estimates, advised Plaintiffs that he was handling the wind portion of their claim, told Plaintiffs they should file a separate claim with their agent for damages caused by their air conditioning, and received documentation about Plaintiffs' content damages. (Am. Compl. ¶ 20.) Plaintiffs do not even attempt to show how these are misrepresentations relating to their coverage, and thus the claim against Black must be dismissed.

Adams is accused of producing a damage estimate, showing a prior payment of $332.50, and transferring that payment "via journal entry." (Am. Compl. ¶ 21.) Plaintiffs also state that he entered Plaintiffs' contents inventory into the estimating system and priced the contents, and sent Plaintiffs a letter denying the claim for contents damage for lack of coverage. (*Id.*) Although one of these misstatements, the letter, relates to lack of coverage, there are no specifics in the complaint, such as the specific statement Adams made in the letter about lack of coverage, any reasons, or lack thereof, that he provided for denying the claim, and why any of the statements in the letter were false. The Court must dismiss the claim against Adams.

Plaintiffs provide that Paul adjudicated the mold claim made by Plaintiffs, producing an estimate and letter allowing a sum of $1,000 before closing the file. (Am. Compl. ¶ 23.) Again, Plaintiffs fail to provide specific details or explain how this is a misrepresentation about coverage at issue. The claim against Paul must be dismissed.

As the representations of these individuals[3] also form the basis of the § 541.060(a)(1) claim against Allstate, that claim must also be dismissed.

The Court finds that Plaintiffs' additional claims under Section 541 are not equivalent to claims of fraud, and therefore need only meet the pleading standard under Rule 8. Plaintiffs' claim for relief under § 541.060(2)(A) alleges that Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability was reasonably clear. As with the common law duty of good faith and fair dealing, liability under the statute does not require any fraudulent conduct on the part of defendants. *See Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 56 n.5 (Tex. 1997) ("[A]n insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim.")*; see also Progressive Cnty. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex. 2005) (holding that the "common-law bad-faith standard is the same as the statutory standard" in the Texas Insurance Code). For the reasons expressed in Part III.B, *supra*, the Court is convinced that these claims are subject to the pleading standard in Rule 8, and that the facts alleged are sufficient to meet that standard with respect to Defendant Allstate.

With respect to the individual Defendants, Plaintiffs do not provide any allegations detailing why each individual "fail[ed] to attempt in good faith to effectuate a prompt, fair and equitable settlement," or even that the individuals had the ability to effectuate such a settlement. Tex. Ins. Code § 541.060(2)(A). Each of the individuals appears to have had a different role in this process, but Plaintiffs do not explain who was responsible for effectuating settlement. Plaintiffs also fail to provide allegations about whether the "insurer's liability . . . bec[ame]

---

[3] Similarly, the portions of the Amended Complaint discussing the actions of Garret and Parlee (Am. Compl. ¶¶ 22, 24) also do not provide enough specifics about the misrepresentations at issue, including why they were misrepresentations about the coverage at issue, to find Allstate liable on this claim.

reasonably clear" before the individuals took the actions alleged in the complaint. *Id.* The claims against the individuals must be dismissed.

Plaintiffs also bring a claim under § 541.060(a)(3), alleging that Defendants failed to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy for its offer of an inadequate settlement. To recover under this section, Plaintiffs need only prove that they were not promptly provided with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial of their insurance claim. Tex. Ins. Code § 541.060(a)(3). No false or misleading statements are necessary to make out a successful claim for relief; rather, the section creates liability for *any* inadequate explanation of an insurance claim denial, regardless of its truth or falsity. Plaintiffs claim that, to this day, Defendants have not paid Plaintiffs in full for the damages to their home (Am. Compl. ¶ 25), and have not provided a reasonable explanation for why Plaintiffs have not received payment for their reported damages. (*Id.* ¶ 36.) Thus, Plaintiffs' claim under § 541.060(a)(3) is not subject to the heightened pleading standard of Rule 9(b). The facts contained in the Complaint are sufficient to state a claim under the pleading standards of Rule 8 with respect to Defendant Allstate. However, Plaintiffs fail to provide facts showing why each of the individuals had responsibilities to Plaintiffs and is liable under this section, and the claims against them must be dismissed.

Similarly, Plaintiffs' claim for relief under § 541.060(a)(7), alleging refusal to pay an insurance claim without conducting a reasonable investigation, need not be pled with particularity. The claim for relief requires a plaintiff to prove only that a defendant's efforts to investigate the insurance claim were unreasonable under the circumstances. Plaintiffs have alleged sufficient facts under Rule 8 to show that the investigation was unreasonable; they allege that Defendant Allstate improperly trained the adjusters and approved their investigations and

14

estimates that omitted and undervalued covered, reported damages. With respect to the individual Defendants, Plaintiffs do not allege that they had any duty to pay the insurance claim or provide a sufficient basis for their liability.

Plaintiffs also assert that Defendants failed to affirm or deny coverage of the claim to Plaintiffs or submit a reservation of rights to Plaintiffs under Texas Insurance Code § 541.060(a)(4). This section simply requires an inquiry into the reasonableness of the timeframe in which the defendant responded to an insurance claim by affirming or denying coverage. This claim does not require fraud or misleading statements, as any failure to affirm or deny coverage or failure to submit a reservation of rights creates liability for Defendants, and therefore is not subject to the heightened pleading standards of Rule 9(b). However, Plaintiffs have failed to state a claim under Rule 8. While Plaintiffs assert that Defendants did not affirm or deny coverage of the claim to Plaintiffs within a reasonable time, Plaintiffs do not provide sufficient facts beyond this legal conclusion. Rather, the Complaint states that Hurricane Ike struck Houston on September 12–13, 2008 and that Plaintiffs reported damages immediately. (Am. Compl. ¶ 16.) A letter sent on February 10, 2010 denied the claims for contents damage. (*Id.* ¶ 21.) Defendants closed Plaintiffs' claim without payment via phone call on December 9, 2009, and via letter on December 15, 2009. (*Id.* ¶ 22.) Defendants also closed the mold claim file after providing $1,000 for mold remediation costs on February 24, 2010. (*Id.* ¶ 23.) Plaintiffs do not allege that this timeframe was unreasonable, or assert that the letters were not sufficient to satisfy § 541.060(a)(4). The Court finds that this claim should be dismissed against each of the Defendants.

15

### 2. Texas Insurance Code § 542.055, § 542.056, § 542.058

Two of Plaintiffs' claims for prompt payment under Section 542 of the Texas Insurance Code against Allstate fail for similar reasons. Plaintiffs allege that Allstate failed to request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under § 542.055. Likewise, Plaintiffs' claim under § 542.056 alleges that Allstate failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints. As both of these claims relate to Allstate's diligence and promptness in collecting information and responding to Plaintiffs' claim, they do not require fraudulent conduct. However, Plaintiffs do not provide the Court with facts sufficient to state a claim under Rule 8. Plaintiffs do not identify the "applicable time constraints,"[4] the information Allstate should have requested under § 542.055, any information Plaintiffs provided to Allstatet, or when Plaintiffs submitted the necessary information. As stated above, Plaintiffs does not provide facts about the information contained in denial letters or assert that it was not a sufficient partial acceptance and rejection of Plaintiffs' claim under § 542.056.

Finally, Plaintiffs allege that Allstate delayed payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required beyond the allowable time frame under § 542.058. Section 542.058 requires only that the insurer wrongfully deny coverage, and therefore does not require any fraudulent behavior. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 964 (E.D. Tex. 2011); *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 474 (Tex. App.—Dallas 2005, no pet.) Plaintiffs allege that Allstate has failed to pay the full amount of their claim following receipt of all information

---

[4] For example, Plaintiff asserts that Defendant did not "notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints" as required under § 542.056. (Am. Compl. at 7.) However, § 542.056 provides three different relevant timelines for an insurer to respond after receiving all information necessary to secure final proof of loss—15 days, 30 days (if suspected arson), or 45 days (if the insurer notifies the claimant of the reasons for needing additional time). Plaintiff has failed to identify which time constraint applies.

reasonably requested and required, which would clearly place Allstate outside of any relevant time period in § 542.058. Plaintiffs have stated a claim under the pleading standards of Rule 8.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motions are **GRANTED IN PART**. Plaintiffs' claims of fraud, conspiracy to commit fraud, and violations of Texas Insurance Code §§ 541.060(a)(1) and 541.060(a)(4) are **DISMISSED WITH PREJUDICE** against Allstate and the individual Defendants who joined these motions. Plaintiffs' claims under Texas Insurance Code §§ 541.060(a)(3) and 541.060(a)(7) are **DISMISSED WITH PREJUDICE** with respect to each of the individual Defendants joining these motions. Plaintiffs' claims under Texas Insurance Code §§ 542.055 and 542.056 against Allstate are also **DISMISSED WITH PREJUDICE**. Defendants' Motions are otherwise **DENIED**. The Court denies Plaintiffs' request to amend their complaint, as the Court has previously afforded Plaintiffs this opportunity.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 7th day of May, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE